UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. THOMPSON,

      Plaintiff,

v.                                                          Case No: 8:22-cv-626-KKM-JSS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael A. Thompson seeks judicial review of the denial of his claim for supplemental security income (SSI). As the Administrative Law Judge's (ALJ) decision was based on substantial evidence and employed proper legal standards, the undersigned recommends that the decision be affirmed.

## BACKGROUND

### A.    Procedural Background

Plaintiff filed an application for SSI on March 3, 2019. (Tr. 203–08.) The Commissioner denied Plaintiff's claim both initially and upon reconsideration. (Tr. 51–58, 59–67.) Plaintiff then requested an administrative hearing. (Tr. 94–96.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 28–50.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claim for benefits. (Tr. 12–

27.)  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied.  (Tr. 1–11.)  Plaintiff then timely filed a complaint with this court.  (Dkt. 1.)  The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.    Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1968, claimed disability beginning on November 5, 2018.  (Tr. 52, 60, 203.)  Plaintiff has at least a high school education and past relevant work experience as a mental health technician.  (Tr. 21–22, 47, 63.)  Plaintiff alleged disability due to neuropathy, back pain, leg pain, headaches, dizziness, and diabetes. (Tr. 52, 60.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since March 3, 2019, the application date.  (Tr. 17.)  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: gastroesophageal reflux disease (GERD) with history of ischemic bowel status-post bowel resection and ileostomy, anemia, hypertension, diabetes with diabetic neuropathy, and obesity.  (Tr. 17.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 18.)  The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform less than the full range of light work as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> [h]e can stand and/or walk for approximately six hours in an eight-hour
> workday, as well as sit for approximately six hours in an eight-hour
> workday, with normal and customary breaks.  He is limited to occasional
> postural maneuvers, including climbing ramps and stairs and climbing of
> ladders, ropes and scaffolds, as well as occasional balancing, stooping,
> kneeling, crouching, and crawling.

(Tr. 18.)  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record.  (Tr. 19.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert (VE), however, the ALJ determined that Plaintiff could not perform his past relevant work.  (Tr. 21–22.)  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as mail clerk, marker, and garment sorter.  (Tr. 48.)  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled.  (Tr. 23.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less

than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal

standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066.  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision and contends that the ALJ erred by failing to consider his symptoms of fatigue or lack of energy, shortness of breath or getting winded easily, and tachycardia.  (Dkt. 16 at 3–7.)  Plaintiff argues that these

symptoms could be caused by Plaintiff's medically determinable impairments of Covid-19 and anemia and that the ALJ committed reversible error by failing to adequately consider these symptoms in the decision. (*Id.*) The Commissioner responds that the ALJ properly evaluated Plaintiff's symptoms under the relevant regulations, the decision was supported by substantial evidence, and Plaintiff has not shown error by failing to cite evidence or advance argument that he is more limited than the restrictions assessed in Plaintiff's RFC. (Dkt. 17.) For the following reasons, the undersigned finds that Plaintiff's contentions do not warrant reversal.

When determining whether a claimant is disabled, in addition to objective record evidence, the ALJ must consider the claimant's subjective symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929. To evaluate whether a claimant has established disability through the claimant's testimony of subjective symptoms, the ALJ must apply the following test: first, the ALJ must determine whether there is evidence of an underlying medical condition, and second, whether there is objective medical evidence substantiating the severity of the symptoms from the condition or whether the medical condition is of sufficient severity that it would reasonably be expected to produce the symptoms alleged. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *see* 20 C.F.R. § 416.929.

If an ALJ determines that a claimant's medical condition could reasonably be expected to produce the claimant's symptoms, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms to determine their effect on the

claimant's capacity to work. *Klawinsky v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 776–77 (11th Cir. 2010); 20 C.F.R. § 416.929(c)(1). In doing so, the ALJ considers all available evidence, including objective medical evidence, medical opinions, information about the claimant's prior work, the claimant's statements about his symptoms, the claimant's daily activities, the frequency and intensity of the claimant's pain or other symptoms, the medications the claimant takes to alleviate pain or other symptoms, and the type of treatment the claimant receives. 20 C.F.R. § 416.929(c); *see Douglas v. Comm'r, Soc. Sec. Admin.*, 832 F. App'x 650, 657 (11th Cir. 2020). The ALJ also considers "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence." 20 C.F.R. § 416.929(c)(4).

If the ALJ decides to discount the claimant's subjective testimony about the intensity, persistence, and limiting effects of his symptoms, the ALJ must articulate explicit and adequate reasons for doing so. *Holt*, 921 F.2d at 1223; *see Wilson*, 284 F.3d at 1225 (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). The ALJ's decision "does not need to cite 'particular phrases or formulations; but it cannot merely be a broad rejection which is 'not enough to enable [the court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). On appeal, "[t]he question is not . . . whether the ALJ could have reasonably credited [claimant's symptom] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011)

(finding that substantial evidence supported the ALJ's decision to discredit claimant's subjective testimony because claimant's testimony regarding his daily activities was inconsistent with the records from his treating and examining physicians, showing claimant was capable of doing light work); *Dyer*, 395 F.3d at 1212 (reversing district court's reversal of the ALJ because "the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision" to discredit claimant's subjective testimony). If the ALJ's "clearly articulated credibility finding" is supported by substantial evidence in the record, the ALJ's finding shall not be disturbed. *Foote*, 67 F.3d at 1562.

Upon consideration, the undersigned finds that the ALJ applied the appropriate legal standard in evaluating Plaintiff's subjective symptoms and provided a clearly articulated finding to discredit Plaintiff's testimony that was supported by substantial evidence. *See* (Tr. 18–21.) In assessing Plaintiff's RFC, the ALJ stated that Plaintiff testified to "having problems with his legs, attention and concentration difficulties, gastrointestinal bleeding, and having acute pancreatitis, gout, and sciatica." (Tr. 19.) The ALJ further noted Plaintiff's testimony of "experiencing very bad tachycardia, requiring insulin for diabetes and neuropathy, getting headaches, and experiencing side effects of dizziness due to his medications." (Tr. 19.) In analyzing this testimony, the ALJ properly employed the Eleventh Circuit's standard by stating that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 416.929" and Social Security Ruling 16-3p. (Tr.

18.)  The ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 19.)  This language correctly applies the Eleventh Circuit's standard for evaluating subjective complaints of pain and other symptoms.  *See, e.g.*, *Danan v. Colvin*, No. 8:12-cv-7-T-27TGW, 2013 WL 1694856, at *3 (M.D. Fla. Mar. 15, 2013); *Owens v. Comm'r of Soc. Sec.*, No. 3:19-cv-1373-J-MAP, 2012 WL 651368, at *4 (M.D. Fla. Feb. 19, 2021) (although the ALJ relied on "boilerplate language in assessing Plaintiff's subjective [] complaints" such language "directly addresses the Eleventh Circuit's pain standard and is not improper *if* supported by substantial evidence") (emphasis in original).

In considering Plaintiff's symptoms, the ALJ further stated that he "considered all of [Plaintiff's] medically determinable impairments, including those that are not severe, when assessing [Plaintiff's RFC]" and that he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in reaching his decision.  (Tr. 17–18.) These statements are sufficient under Eleventh Circuit precedent "to demonstrate that the ALJ considered all necessary evidence."  *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014); *see also Wilson*, 284 F.3d at 1224–25 (holding that the ALJ's conclusion that the claimant did not have an impairment or combination of impairments listed in or medically equal to a listed impairment

"constitutes evidence that he considered the combined effects of claimant's impairments").

Moreover, the ALJ's analysis of Plaintiff's subjective symptoms went beyond a conclusory application of the appropriate standards and contained a detailed discussion of the record evidence, including a discussion of Plaintiff's subjective complaints of fatigue, shortness of breath, and symptoms related to his anemia. *See* (Tr. 19–21.) For example, in determining whether Plaintiff's subjective complaints were consistent with the objective medical evidence, the ALJ noted that Plaintiff "sought emergency room care due to complaints of abdominal pain, blood in his ileostomy bag, and feeling fatigued. However, physical exams have failed to reveal any significant abnormalities, other than elevated blood sugar levels due to lack of compliance with his diabetes treatment." (Tr. 19.) The examinations of Plaintiff throughout the records relied on by the ALJ also repeatedly note largely normal findings with respect to Plaintiff's respiratory and cardiovascular functions or that Plaintiff was in no acute distress at the time of the exam. *See* (Tr. 299, 307, 310 (noting fatigue but no shortness of breath), 311, 312, 328, 330, 331, 345, 346, 354, 357, 418 (noting tachycardia but no shortness of breath or chest pain), 420, 428, 445, 447–48, 452, 457–58, 468, 489, 496–97, 498, 509 (noting tachycardia but non-labored respiration and regular heart rhythm).) The ALJ continued in the analysis of Plaintiff's medical records that in December 2018, Plaintiff "presented with complaints of generalized fatigue, intermittent shortness of breath and lightheadedness, as well as bleeding from the ostomy site." (Tr. 19.) However, the ALJ noted that "on exam, his

abdomen was soft and non-distended, with only [a] mild amount of blood in the bag, and mild generalized tenderness." (Tr. 19.) The ALJ continued that while "[l]aboratory tests did show loss of blood consistent with anemia, . . . his hemoglobin and hematocrit levels stabilized and he was discharged in improved condition." (Tr. 19 (citing (Tr. 852).) The ALJ further considered records evidencing Plaintiff's "routine medical care . . . where he reported ileostomy bleeding, abdominal pain, headache, and dizziness" but noted that "a December 2018 physical exam revealed normal findings, as [Plaintiff] appeared in no apparent distress, his heart was of normal rate and rhythm with no murmurs, and his ileostomy bag was intact in the right lower quadrant with clear liquid and no bleeding." (Tr. 19 (citing Tr. 422–29).)

In discussing Plaintiff's symptoms related to his anemia, the ALJ noted a December 2018 "gastrointestinal evaluation for recurrent anemia associated to his intermittent ileostomy bag bleeding and abdominal pain." (Tr. 19.) However, the ALJ noted that "upon examination, [Plaintiff] had normal abdominal sounds with no distention, and his bag was intact with no blood or area tenderness noted, [and] no guarding or rebound tenderness." (Tr. 19–20 (citing (Tr. 930–53).) The ALJ noted similar unremarkable findings in an examination from January 2021. (Tr. 20.) Those records indicate that at the time of examination, Plaintiff appeared in no acute distress and denied several respiratory issues including chest pain and shortness of breath. (Tr. 1264–66.) Thus, in considering the medical evidence of record, the ALJ concluded that "the objective examinations have yielded essentially normal results with no

- 11 -

evidence of significant abnormalities or deficiencies [and] routine physical evaluations were normal."  (Tr. 20.)

The ALJ further found these objective medical results to be consistent with the "level of conservative treatment [Plaintiff] has received throughout the period at issue, as he has not required any recurrent long-term hospitalization, or referrals for prolonged physical therapy."  (Tr. 20.)  The ALJ also noted Plaintiff's activities of daily living in that while Plaintiff uses a cane, "there is no indication that [it] was prescribed by a treating provider, or that it is medically necessary."  (Tr. 20.)  The ALJ further considered that there was no evidence to "establish any medication side effects that would result in disabling restrictions."  (Tr. 20.)  The ALJ thus properly considered Plaintiff's objective medical records, his conservative level of treatment, his lack of side effects from his medication, and his activities of daily living in evaluating his subjective symptoms.  *See* 20 C.F.R. § 416.929(c).

In sum, the ALJ concluded that [a]fter reviewing the entire record, . . . [Plaintiff's] allegations are not consistent with the record, as the objective medical evidence does not support his statements concerning the intensity, persistence and limiting effects of his claimed symptoms . . . [and Plaintiff's] allegations of a total inability to work are overstated and unsupported by the medical evidence of record." (Tr. 20–21.)  The ALJ appropriately considered Plaintiff's medical condition as a whole in discounting his subjective complaints and the cited evidence supports the ALJ's finding that Plaintiff's "allegations of a total inability to work are overstated and unsupported by the medical evidence of record."  (Tr. 21); *see Douglas*, 832 F. App'x at

657 ("[T]he ALJ's determination that Douglas's subjective testimony regarding her symptoms was not credible was supported by substantial evidence, including the objective medical evidence and the evidence regarding Douglas's daily activities and treatment history.").

Further, the undersigned agrees with the Commissioner that Plaintiff has failed to sufficiently demonstrate error.  In conducting an independent review of the record, the court noted a misstatement in the ALJ's decision that Plaintiff "has not required any subsequent cardiac evaluation" after his treatment in 2016.  (Dkt. 18); *see Meade v. Comm'r of Soc. Sec.*, 807 F. App'x 942, 946 (11th Cir. 2020) (the court may not "merely rubber-stamp a decision . . . [but] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence") (quoting *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1269–70 (11th Cir. 2019)).   In supplemental briefing on this issue, the Commissioner acknowledged this misstatement, but reasserted that Plaintiff has failed to establish error by failing to cite any evidence in the record, including his subsequent cardiac treatment, showing that he was more limited than the RFC assessed by the ALJ.  (Dkt. 19.)  The undersigned agrees, and because the ALJ employed the appropriate legal standards based on the substantial evidence discussed above, the undersigned cannot conclude based on this misstatement that the ALJ was "clearly wrong to discredit" Plaintiff's subjective testimony.  *Werner*, 421 F. App'x at 938–39; *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (affirming ALJ's decision that was supported by substantial evidence because "even if the ALJ made a factual error or applied an improper legal

standard, we may conclude that such errors are harmless in the context of a particular case") (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (concluding that the ALJ erred in stating the claimant was closely approaching advanced age and in considering the claimant's prior job as an assembler, contrary to the regulations, but holding that these errors were harmless)); *Washington v. Astrue*, No. 8:08-cv-1614-T-27-GJK, 2009 WL 2949034, at *14 (M.D. Fla. Sept. 14, 2009) ("[A] single erroneous statement by an ALJ standing alone does not require remand.") (citation omitted). Plaintiff bears the burden of showing that he has a severe impairment or combination of impairments that may qualify as a disability. *Hutchison v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011) (citing *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)). Proof of the mere existence of an impairment does not prove the extent to which the impairment may limit Plaintiff's ability to work. *Id.* at 326; *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

In advancing his argument, Plaintiff does not cite to any evidence in the record beyond his hearing testimony that his symptoms cause greater limitations than those assessed by the ALJ in the RFC. *See* (Dkt. 16.) Rather, Plaintiff relies on internet sources to argue that his symptoms could be caused by Covid-19 and anemia, and his own testimony to speculate about the limiting effects of those symptoms. (*Id.* at 4–5.) However, as explained above, the ALJ properly considered Plaintiff's subjective symptoms and found his testimony to be not entirely consistent with the medical evidence and other evidence in the record. (Tr. 18–21.) Further, that Plaintiff was diagnosed with Covid-19 or anemia does not necessarily show an impact on his ability

- 14 -

to work.[1] *See Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) ("[A] diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work."); *Moore*, 405 F.3d at 1213 n.6 ("Moore questions the ALJ's RFC determination based solely on the fact that she *has* varus leg instability and shoulder separation.  However, the mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard.") (emphasis in original); *Richardson v. Comm'r of Soc. Sec.*, No. 2:14-cv-703-FTM-CM, 2016 WL 1165702, at *9 (M.D. Fla. Mar. 25, 2016) ("[W]hile Plaintiff has cited certain internet sources that show fatigue can be a symptom of scoliosis, he presented no evidence to show that his alleged fatigue caused work-related limitations beyond those included in the ALJ's RFC findings.") (citation omitted)

Thus, Plaintiff has failed to establish error and the decision must be affirmed. *See, e.g.*, *Vollmer v. Comm'r of Soc. Sec.*, No. 8:20-cv-1702-DNF, 2022 WL 131196, at *8–9 (M.D. Fla. Jan. 14, 2022) (rejecting argument that ALJ failed to consider symptoms of fatigue and weakness relating to impairments of anemia, obesity, and diabetes where ALJ's decision demonstrated consideration of all of plaintiff's symptoms and was supported by substantial evidence); *Clowdus v. Comm'r of Soc. Sec.*,

---

[1] Indeed, in the decision, the ALJ found that Plaintiff's medically determinable impairments, including his Covid-19 and anemia "could reasonably be expected to cause the alleged symptoms," but found that Plaintiff's statements concerning the effects of those symptoms were not entirely consistent with the record evidence.  (Tr. 19.)

No. 6:20-cv-1098-DCI, 2021 WL 1909634, at *2 (M.D. Fla. May 12, 2021) ("Claimant has not demonstrated that her cervical impairment caused additional limitations on her ability to work."); *Carty v. Saul*, No. 8:19-cv-511-T-SPF, 2020 WL 703174, at *3 (M.D. Fla. Feb 12, 2020) ("Plaintiff's speculation that '[t]here is a reasonable probability that if the [ALJ] included the mild limitations in concentration and/or social functioning, the [VE] would have eliminated the claimant's past relevant work' [] is unavailing as Plaintiff has not shown any corresponding functional limitations such that she could not perform her past relevant work.") (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293–94 (11th Cir. 1986)).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**RECOMMENDED**:

1. The decision of the Commissioner be **AFFIRMED**.

2. The Clerk of Court be directed to enter final judgment in favor of the Commissioner and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on February 1, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Counsel of Record