UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. THOMPSON,

    Plaintiff,

v.                                                       Case No: 8:22-cv-626-KKM-JSS

COMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

## ORDER

Plaintiff Michael A. Thompson seeks judicial review of the denial of his claim for supplemental security income. Compl. (Doc. 1). The Magistrate Judge issued a Report and Recommendation recommending that the Administrative Law Judge's decision be affirmed because it was based on substantial evidence and employed the proper legal standards. R. & R (Doc. 20). Thompson objects to the Report and Recommendation. Obj. (Doc. 21).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review

with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

After careful review, I agree with the Magistrate Judge that the Administrative Law Judge's determination that Thompson is not disabled was based on substantial evidence and proper legal standards. The Administrative Law Judge properly articulated the reasons for discounting Thompson's subjective testimony, including the fact that his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." R & R at 9.

Thompson objects to the Report and Recommendation, arguing that it "is wrong in failing to require specific limitations attributable to an admittedly severe impairment of anemia." Obj. at 1. He claims that the Report and Recommendation "fails to address" the fact that the Administrative Law Judge "found no limitations to Mr. Thompson's ability to do basic work activities" despite finding that he has anemia. But the Report and Recommendation *did* address this finding. R & R at 14–15. The Magistrate Judge determined that Thompson's anemia, including its possible symptoms, "does not necessarily show an impact on his ability to work." *Id.* I agree. As the Magistrate Judge

noted, "the mere existence of these impairments does not reveal the extent to which they limit [Thompson's] ability to work or undermine the ALJ's determination in that regard." *Id.* at 15 (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005)).

Thus, I conclude that the commissioner's decision should be affirmed for the reasons that the Magistrate Judge articulated.

Accordingly, the following is **ORDERED:**

1. Plaintiff's Objection (Doc. 21) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 20) is **ADOPTED** and made a part of this Order for all purposes.

3. The decision of the Commissioner is **AFFIRMED**.

4. The Clerk is directed to enter judgment in favor of the Commissioner and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 3, 2023.

Kathryn Kimball Mizelle
United States District Judge